IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KATHERINE HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:05CV00302 |
| ) | |
| NORTH CAROLINA DEPARTMENT ) | |
| OF JUVENILE JUSTICE AND ) | |
| DELINQUENCY PREVENTION, ) | |
| ) | |
| Defendant. ) | |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on a motion to dismiss (Pleading No. 4) filed by Defendant, the North Carolina Department of Juvenile Justice and Delinquency Prevention ("the Department"). The parties have fully briefed their positions and the Court heard oral argument on July 25, 2005. For reasons set forth below, the Court finds that the motion to dismiss should be granted.

### The Complaint and Summons

Plaintiff Katherine Harris, proceeding *pro se*, originally filed this civil action in Cabarrus County Superior Court. Plaintiff Harris claims violations of Title VII of the Civil Rights Act of 1964, as amended. She alleges that Defendant failed to hire her as an English teacher despite her qualification for that position. According to Plaintiff, this failure to hire

was a result of discrimination based upon her race, white. She asserts that the position was awarded to a black applicant as a result of unlawful discrimination.

Plaintiff, who proceeds *pro se*, has clearly had a difficult time in complying with the procedural rules regarding initiation of a civil action. At first, on November 3, 2004, she filed in the Cabarrus County Superior Court a copy of her EEOC Charge of Discrimination and associated papers, but she did not file any original pleading with the Charge. No summons was issued with regard to this November 3, 2004 "complaint." Later, on February 7, 2005, she filed a pleading in Cabarrus County which she characterizes as an amended complaint, serving to amend her November 3, 2004 complaint. Summons was not issued on the February 7 complaint until February 23, 2005, and Defendant was served on March 8, 2005. On April 7, Defendant removed the action to this Court and filed a motion to dismiss the complaint.

The record also shows without dispute that Plaintiff received her "right-to-sue" letter from the EEOC on August 6, 2004. The letter informed her that she had ninety (90) days after receipt of the letter to file a lawsuit.

Discussion

Defendant has moved to dismiss the complaint on grounds that it is untimely because it was filed outside the ninety-day period of time permitted for the filing of a complaint after receipt of the EEOC's right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1). An untimely complaint resting upon alleged Title VII violations must be dismissed unless there is a

-2-

reasonable ground for equitable tolling of the filing period. *See Harvey v. New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987). The time limitations cannot be disregarded by the Court "out of a vague sympathy for particular litigants." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984).

It is undisputed that Plaintiff Harris received her right-to-sue letter from the EEOC on August 6, 2004. Both parties agree that this is the date on which her ninety-day period to file commenced to run. Her "complaint" (consisting primarily of a copy of the EEOC charge), filed in Cabarrus County on November 3, 2004, was, on its face, timely. However, Plaintiff did not cause summons to issue with regard to the November 3 filing, and, under governing North Carolina law, this failure is a fatal to any argument that the November 3 filing constituted a timely filing under the ninety-day rule. Rule 4(a) of the North Carolina Rules of Civil Procedure provides, in pertinent part: "[u]pon the filing of the complaint, summons shall be issued forthwith, and in any event within five days." North Carolina courts hold that where a proper summons is not issued within five days of the filing of the complaint, the action is deemed never to have commenced. *See Wayne County ex rel. Williams v. Whitley*, 72 N.C. App. 155, 157, 323 S.E.2d 458, 461 (1984). In these circumstances, the statute of limitations continues to run. *See Telesca v. SAS Inst., Inc.,* 133 N.C. App. 653, 516 S.E.2d 397 (1999)(statute of limitations expired where first summons was insufficient to commence action and second summons was issued 94 days after REDA right-to-sue letter was issued).

-3-

Accordingly, Plaintiff Harris' November 3 filing in Cabarrus County did not commence any action that could be found to have been filed with 90 days after her receipt of the EEOC right-to-sue letter. Her February 7, 2005 "amended complaint" in Cabarrus County was far out of time. Even that action was not actually commenced on February 7, but, under North Carolina law, only on February 23, 2005, when she finally secured issuance of summons in connection with the complaint. *See Stokes v. Wilson & Redding Law Firm*, 72 N.C. App. 107, 111, 323 S.E.2d 470, 474 (1984)(issuance of summons outside the five-day period permitted under Rule 4 serves to revive an otherwise abated action, and serves to commence a new action *on the date of issuance of the summons)*. Thus, the earliest that Plaintiff Harris can have properly commenced this action, whether with respect to her November 3, 2004 filing or her February 7, 2005 filing, is February 23, 2005. This date is several months after the time permitted by the EEOC right-to-sue letter.

Accordingly, Plaintiff's complaint herein is untimely under the provisions of 42 U.S.C. §2000e-5(f)(1) and must be dismissed upon Defendant's motion. **IT IS THEREFORE RECOMMENDED** that Defendant's motion under Rule 12(b)(6) (Pleading No. 4) be granted and that this action be dismissed with prejudice.

/s/ P. Trevor Sharp<br>
United States Magistrate Judge

Date: August 19, 2005

-4-

Case 1:05-cv-00302-PTS   Document 11   Filed 08/19/05   Page 4 of 4